# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ALVIN XEX ALVIN,

       Plaintiff,

v.                                             CASE NO. 3:18-cv-826-J-34MCR

HOUSING AND URBAN
DEVELOPMENT,

       Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in

District Court Without Prepaying Fees or Costs ("Application") (Doc. 6).  For the

reasons stated herein, the undersigned recommends that the Application be

**DENIED** and the case be **DISMISSED without prejudice**.

A court receiving an application to proceed *in forma pauperis* must dismiss

the case *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed.R.Civ.P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  An action

fails to state a claim on which relief may be granted if it fails to include "a short

and plain statement of the claim showing that the pleader is entitled to relief."

*Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing

Fed.R.Civ.P. 8(a)(2), 12(b)(6)).  To show entitlement to relief, Plaintiffs must

include a short and plain statement of facts in support of their claims.

Fed.R.Civ.P. 8(a).  This statement of facts must show the plausibility of Plaintiffs'

claims.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[L]abels and

conclusions" are not enough to satisfy the "plausibility" standard.  *Bell Atlantic

Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

 In addition, a court must dismiss an action *sua sponte* if it "determines at

any time that it lacks subject-matter jurisdiction."  Fed.R.Civ.P. 12(h)(3); *see also

Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. 2013) (per

curiam) (same); *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11,

15 (11th Cir. 2010) (per curiam) ("[A] district court may *sua sponte* consider

whether it has subject matter jurisdiction over a plaintiff's claims.").

> Subject matter jurisdiction in a federal court may be based upon
> federal question jurisdiction or diversity jurisdiction.  28 U.S.C. §§
> 1331, 1332.  Diversity jurisdiction exists where the plaintiffs and
> defendants are citizens of different states, and the amount in
> controversy exceeds $75,000. . . .  Absent diversity of citizenship, a
> plaintiff must present a substantial federal question in order to
> invoke the district court's jurisdiction.

*Walker*, 363 F. App'x at 15 (internal quotation marks omitted).  "[E]ven a claim

that arises under federal law may be dismissed for lack of subject matter

jurisdiction if (1) the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or (2) the claim is wholly insubstantial and frivolous." *Blankenship*, 551 F. App'x at 470 (internal quotation marks omitted). A claim is wholly insubstantial and frivolous if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* at 470-71 (internal quotation marks omitted).

On June 29, 2018, p*ro se* Plaintiff initiated the instant action by filing a Freedom of Information/Privacy Act Record Request Form ("FOIA Request") with the Court seeking certain documents from Housing and Urban Development ("HUD") along with an incomplete and unnotarized Application.  (Docs. 1 & 2.) The FOIA Request appeared to be directed to the U.S. Office of Personnel Management, Federal Investigative Services.  (Doc. 1.)  The FOIA Request also clearly stated that it was to be mailed to "OPM-Federal Investigative Services; ATTN: FOI/PA office, 1137 Branchton Road, P.O. Box 618, Boyers, PA 16-18," faxed to "(724) 794-4590," or emailed to "FISFOIPARequests@opm.gov."  (*Id.* at 1.)  On August 8, 2018, the undersigned took the Application (Doc. 2) under advisement and instructed Plaintiff to file an amended complaint and amended, notarized application by August 24, 2018, or, in the alternative, pay the appropriate filing fee.  (Doc. 4 at 4.)  The undersigned concluded that the FOIA Request form filed by Plaintiff (Doc. 1) was not a complaint and that it "lack[ed] critical jurisdictional allegations and fail[ed] to include a short and plain statement of the claim showing that the pleader is entitled to relief."  (*See* Doc. 4 at 2

(internal citations and quotations omitted).)  The undersigned warned Plaintiff that based on these pleading deficiencies, the Court could *sua sponte* dismiss this action; however, rather than recommend dismissal, the undersigned provided Plaintiff, a *pro se* litigant seeking to proceed *in forma pauperis*, with an opportunity to amend his complaint.  (*Id.* at 3.)

Rather than filing an amended complaint, Plaintiff filed a "Motion to Address Order/Amended" ("Response") (Doc. 5), in response to the Court's August 24, 2018 Order, and a second Application (Doc. 6).[1]  Plaintiff's Response consists of three unnumbered paragraphs (Doc. 5 at 1-2), along with a one-page "Memo" dated August 21, 2018 (*id.* at 3), followed by what appears to be a signed and dated copy of the first page of the FOIA Request filed with this Court on June 29, 2018 (*id.* at 4).  In his Response, Plaintiff states that:

> [M]y complaint, in the form of a FOIA request (correct form used) is just for data and information from a federal agency, Housing [a]nd Urban Development, which has refused several requests over a three year period.  I will again attach a copy of the latest request I made with their form—which was sent to HUD by email on 06.28.18, to FISFOIPARequests@opm.gov.
> . . .
> [M]y amended request to Defendants is a plain legal Complaint (with an attachment for clarification) because the federal agency will not send me public, unclassified, specific information (5 U.S.C. [§] 552) and data per my plea—which is the relief.  Again, on the FOIA form I sent HUD, Plaintiff's simple and specific request, is only 4 lines, containing 2 short sentences, asking for HUD's Section 3 legal

_____

[1] Although the undersigned recommends that Plaintiff's claims be dismissed for lack of jurisdiction, the Court will nevertheless note that the Plaintiff's amended Application is also deficient and is not properly notarized.

provisions data.  Now this complaint with attachment should acknowledge a clear claim.[2]

(*Id.* at 1 (emphasis omitted).)  In his "Memo," Plaintiff appears to supplement his answer to the third question on the first page of the FOIA request, asking the requestor to specify the type of records requested.  (Doc. 5 at 3-4.)  Plaintiff states that his FOIA request was for "data (implementation, the selection process, name and numbers, etc.) of businesses, organizations, non-profits and 'subcontractors' given TAX money by HUD or any of HUD's federal subsidiaries utilizing the federal Section 3 program [ . . . ] for the years 2015 to date[.]"  (*Id.* at 3 (emphasis omitted).)  Plaintiff also claims that he made "several requests . . . by mail, [sic] phone, to the regional HUD offices over the past two years—to no avail[.]"  (*Id.*)  Plaintiff indicates that his request for information is made pursuant to the "HUD Act of 1968" after making "many requests for data, which is not private, yet a federal agency refusal [sic] to honor [sic]."  (*Id.*)

Plaintiff appears to insist that his FOIA Request, along with his "Memo," is a proper complaint even though the Court has already informed him that such a form is not a proper complaint.  (*See* Doc. 4.)  Although Plaintiff's "Memo" and his

---

[2] It is difficult to decipher some of Plaintiff's claims.  For example, Plaintiff's claim that his "amended request to Defendants is a plain legal Complaint" makes it unclear as to whether he re-sent his FOIA Request along with his "Memo" to the U.S. Office of Personnel Management, Federal Investigative Services, since he indicated that he sent his latest FOIA request by email on June 28, 2018.  (*See* Doc. 5 at 1.)  It is also unclear what Plaintiff considers to be his amended complaint.  (*Id.* ("Now *this* complaint with attachment should acknowledge a clear claim.") (emphasis added).)  Nevertheless, the undersigned surmises that Plaintiff considers the first page of the FOIA request along with his "Memo" to be his amended complaint.

Response provide the Court with additional details regarding Plaintiff's FOIA Request and purported claim, Plaintiff has failed to file a proper complaint that includes a short and plain statement of the claim showing he is entitled to relief and sufficient jurisdictional allegations, in accordance with the Court's August 21, 2018 Order.  (*See id.* at 2.)  Even if the Court construes Plaintiff's Response and the attached exhibits as an amended complaint, it still fails to state a claim on which relief may be granted and is, thus, subject to dismissal under 28 U.S.C. § 1915(e)(B)(ii).

Furthermore, even construing the Plaintiff's submissions and allegations in the instant case liberally,[3] to the extent Plaintiff appears to bring his claim against HUD under the FOIA, 5 U.S.C. § 552, the undersigned finds that Plaintiff has failed to establish that this Court has subject matter jurisdiction over his purported claim.  "The FOIA requires a federal agency—upon a request for records reasonably describing documents in that agency's possession—to make those documents promptly available, unless the information within the records is protected from disclosure by a statutory exemption."  *Thompson v. Dep't of Navy, Headquarters, U.S. Marine Corps.*, 491 F. App'x 46, 48 (11th Cir. 2012) (citing 5 U.S.C. § 552a(d)(1)).  Under the FOIA, a requestor may bring a private cause of action in federal court "to enjoin a federal agency that has improperly withheld

---

[3] The pleadings of *pro se* litigants must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curiam).

records." *Id.* (citing 5 U.S.C. § 552a(g)(1)). The Eleventh Circuit Court of Appeals has recognized that "[t]he FOIA clearly requires a party to exhaust all administrative remedies *before* seeking redress in the federal courts." *Thompson*, 491 F. App'x at 48 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)) (emphasis in the original). "This exhaustion requirement is a condition precedent to filing suit intended to allow a federal agency to exercise its discretion and authority, as well as to create a factual record for district court review if necessary." *Thompson v. Dep't of the Navy*, No. 08-80312-CIV, 2008 WL 11410008, at *2 (S.D. Fla. May 28, 2008) (citing *Taylor*, 30 F.3d at 1367-1368) (holding that the District Court could not exercise jurisdiction over a FOIA requestor's federal suit where the requestor had not satisfied the requisite condition precedent by exhausting his administrative remedies) (report and recommendation adopted June 18, 2008).

Even construing Plaintiff's submissions with the Court liberally, the undersigned finds that Plaintiff fails to establish that he exhausted his administrative remedies before filing this action.[4] *See Taylor*, 30 F.3d at 1367. Although Plaintiff claims that he made various requests, by phone and mail, for records from HUD over the last two or three years, he fails to indicate whether

---

[4] "FOIA provides for two different types of exhaustion, actual and constructive. Actual exhaustion occurs when the agency denies all or part of a party's document request. Constructive exhaustion occurs when certain statutory requirements are not met by the agency." *Taylor*, 30 F.3d at 1368. Here, Plaintiff has failed to make any showing that he satisfied the requirements of actual or constructive exhaustion of administrative remedies.

his former requests were properly submitted under the FOIA, whether he received any responses to his request, or, if his requests were denied, whether he pursued and exhausted the administrative appeal process.  Thus, Plaintiff fails to allege that he exhausted his administrative remedies and fails to satisfy the requisite condition precedent before bringing this suit.  "A federal court cannot exercise jurisdiction over the merits of a FOIA and Privacy Act claim unless the condition precedent of actual exhaustion of administrative remedies has been fulfilled."  *Thompson v. Dep't of the Navy*, 2008 WL 11410008, at *3.  As such, the undersigned finds that that this Court cannot exercise jurisdiction over Plaintiff's claims brought under the FOIA.

Accordingly, it is respectfully **RECOMMENDED** that the Application (Doc. 6) be **DENIED**, this case be **DISMISSED without prejudice**, and the Clerk of Court be directed to terminate any pending motions and close the file.

**DONE and ENTERED** in Jacksonville, Florida, on January 16, 2019.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff

8